People v Parker (2019 NY Slip Op 05227)





People v Parker


2019 NY Slip Op 05227


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

108456

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SHEIQUAN PARKER, Appellant.

Calendar Date: June 6, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Pritzker, JJ.


Todd G. Monahan, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeals (1) from a judgment of the County Court of Schenectady County (Sypnewski, J.), rendered April 18, 2016, convicting defendant upon his plea of guilty of the crimes of attempted robbery in the second degree and attempted robbery in the third degree, and (2) by permission, from an order of said court, entered March 19, 2018 in Schenectady County, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and to set aside the sentence, without a hearing.
Defendant was charged in a two-count indictment with attempted robbery in the third degree and attempted robbery in the second degree stemming from an incident wherein the victim was killed when defendant and others attempted to rob him of marihuana. Defendant entered into a written plea and cooperation agreement with the District Attorney's office, which provided that defendant agreed to plead guilty to the entire indictment and waive his right to appeal. If defendant, among other things, cooperated "fully and truthfully . . . in the investigation and prosecution" of others involved in the robbery incident, he would be permitted to withdraw his guilty plea to attempted robbery in the second degree. The cooperation agreement specifically provided that the truthfulness of any statements and testimony by defendant was to be determined solely by the People and that, in the event that defendant was not cooperative, the People were not bound by the plea agreement. Defendant then pleaded guilty to the charges in the indictment and waived his right to appeal.
At sentencing, the People informed County Court that defendant had violated the plea agreement by providing inconsistent testimony before the grand jury and at the trial of his codefendant. Consequently, the court sentenced defendant, a second felony offender, to concurrent prison terms of seven years, followed by five years of postrelease supervision, for his conviction of attempted robbery in the second degree and 2 to 4 years for his conviction of [*2]attempted robbery in the third degree. Defendant's subsequent motion pursuant to CPL article 440 was denied without a hearing. Defendant appeals from the judgment of conviction and, by permission, the denial of his CPL article 440 motion.
We affirm. With regard to the direct appeal, defendant contends that County Court erred in not giving him an opportunity to withdraw his guilty plea after the People enforced the plea agreement against him. This claim is not preserved for our review as defendant did not object at sentencing or move to withdraw his guilty plea (see People v Gonzalez, 159 AD3d 1135, 1135 [2018]).
To the extent that defendant challenges the sufficiency of the proof that he violated the terms of the plea agreement, it is without merit. The cooperation agreement specifically provided that defendant was required to cooperate "fully and truthfully . . . in the investigation and prosecution" of others involved in the incident, and that the truthfulness of any of his statements and testimony would be determined by the People. The People informed County Court that defendant was not cooperative or truthful in the prosecution of his codefendant and provided specific, detailed examples of inconsistencies between his grand jury and trial testimonies regarding the underlying criminal activity that appeared to be an attempt to undermine, albeit unsuccessfully, the People's prosecution of his codefendant. The record reflects that defendant was aware that, if he violated the cooperation agreement, the People would not be bound by the plea bargain and that the court could impose the maximum statutory sentence on both convictions.
Although defendant correctly states that "a guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (People v Selikoff, 35 NY2d 227, 241 [1974], cert denied 419 US 1122 [1975]), in this case no promises were in fact breached by the People. Rather, it was defendant who did not abide by the terms of the cooperation agreement when he failed to testify truthfully at his codefendant's trial (see People v Huff, 133 AD3d 1223, 1226 [2015], lv denied 27 NY3d 999 [2016]). We thus find that County Court was not obligated to provide defendant an opportunity to withdraw his plea. To the extent that defendant challenges the severity of the sentence imposed, it is precluded by his unchallenged waiver of the right to appeal (see People v Gumbs, 169 AD3d 1119, 1120 [2019]; People v Mones, 168 AD3d 1288, 1289 [2019]).
Turning to defendant's CPL article 440 motion to vacate the judgment of conviction, County Court did not err in denying said motion without a hearing as the arguments advanced therein were based upon information in the record and, in fact, were raised on direct appeal (see People v Lamb, 162 AD3d 1395, 1397 [2018], lv denied 32 NY3d 1112 [2018]; People v Douglas, 162 AD3d 1212, 1217 [2018], lv denied 31 NY3d 1147 [2018]; People v Miller, 159 AD3d 1045, 1046 [2018], lv denied 31 NY3d 1084 [2018]).
Egan Jr., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the judgment and order are affirmed.